**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

IN RE:

| | | |
|---|---|---|
| **ROBERT FLEMINGS** | CASE NO. | **09-11107** |
| **ANGELA FLEMINGS** | CHAPTER 13 | |

# CHAPTER 13 PLAN

**ORIGINAL PLAN**     Dated: October 7, 2009

**1. Payments to the Trustee.**
The debtor shall pay to the Chapter 13 Trustee     **$600.00**  per month for  **60**  months, plus     **$0.00**         from
to be paid by                                      for a total of      **$36,000.00**     .

Payments to the trustee shall be made in the following manner:     **Direct Debtor Payment**

If by employer deduction, the following amounts shall be deducted from the following employers:
**Debtor's employer:**    $0.00       **Spouse's employer:**       $0.00

**2. Disbursements to Creditors Through Plan.**     After confirmation of the Plan, the Chapter 13 Trustee shall make disbursements to creditors as follows:

**A. Priority Claims.**
Administrative priority claims, including attorney's fees, shall be paid first, ahead of all claims with the exception of any required equal monthly payments or adequate protection payments provided for under Section B, below.

| Debtor's attorney: | Rebecca A. Rice | $1,874.00 |
|---|---|---|
| Internal Revenue Service | | $0.00 |
| Vermont Dept. of Taxes | | $0.00 |
| Adminstrative claim: | | $0.00 |
| Support creditor: | Marie Liebold | $1,283.00 |
| | | |
| | | |
| **TOTAL TO BE PAID TO PRIORITY CREDITORS** | | **$3,157.00** |

**B. Secured Claims.**
**Monthly payments on secured claims** in which the entire claim is being paid through the plan shall be made in  equal monthly amounts as follows and shall be paid concurrently with administrative claims, including attorney's fees.  The term of payment for the following claims is calculated based on a payment schedule of

**60**            months.

| Creditor | Type of Claim | Collateral | Value | Principal | Interest | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|---|---|
| 0 | PROP. TAXES | | $0.00 | $0.00 | $0.00 | 0.00% | $0.00 |
| 0 | PROP. TAXES | | $0.00 | $0.00 | $0.00 | 0.00% | $0.00 |
| UMC | ARREARAGES | Residence | $0.00 | $7,637.48 | $0.00 | 0.00% | $127.29 |
| UMC (October payment) | ARREARAGES | Residence | $0.00 | $1,489.00 | $0.00 | 0.00% | $24.82 |
| 0 | ARREARAGES | | $0.00 | $0.00 | $0.00 | 0.00% | $0.00 |
| Champlain Valley Credit Union | MODIFIED | 2005 Chevy Malibu | $7,987.50 | $8,950.00 | $1,061.33 | 0.00% | $166.86 |
| Champlain Valley Credit Union | MODIFIED | 2003 Ford F250 | $7,520.00 | $7,455.00 | $882.85 | 0.00% | $138.96 |
| 0 | MODIFIED | | $0.00 | $0.00 | $0.00 | 0.00% | $0.00 |
| 0 | OTHER SECURED CLAIMS | | $0.00 | $0.00 | $0.00 | 0.00% | $0.00 |
| 0 | OTHER SECURED CLAIMS | | $0.00 | $0.00 | $0.00 | 0.00% | $0.00 |
| **TOTALS TO BE PAID TO SECURED CLAIMS** | | | | **$25,531.48** | **$1,944.18** | | **$457.93** |

**Debtor surrenders the following collateral. Upon entry of the confirmation order, the stay is lifted as to the surrendered collateral.**

| Creditor | Collateral to be surrendered |
|---|---|
| 0 | 0 |
| 0 | 0 |

### C. Unsecured Claims.

Allowed, non-priority unsecured claims shall be paid a total dividend of **$2,094.61** to be distributed pro rata.
In the event that the creditors in this case file claims in the amounts scheduled in the petition, and those claims are allowed for the scheduled amounts, the percentage dividend will be about **7.89%**

In the event that the total of the allowed claims is less than the total of the scheduled claims, the actual percentage dividend will be higher. In the event that the total of the allowed claims is greater than the total of the scheduled amounts, the actual percentage will be lower. In order to determine the actual amount of the percentage dividend to be paid to unsecured creditors, creditors may contact the Chapter 13 Trustee after the claims bar date in this case has passed.

### 3. Curing Defaults and Maintaining Payments

**a. Direct Payments Debtor Will Make to Creditors Outside of Plan.**
The debtor shall pay the following monthly payments directly to the creditor and not through the trustee:

| Creditor | Type of Payment | Amount of Monthly Payment |
|---|---|---|
| UMC | Mortgage | $1,489.00 |
| | 0 | $0.00 |

### 4. Executory Contracts and Unexpired Leases

All executory contracts and unexpired leases are rejected, except the following, which are assumed.

| Creditor | Property Description | Treatment by Debtor |
|---|---|---|
| 0 | 0 | 0 |
| 0 | 0 | 0 |

### 5. Trustee's Fees.

The Chapter 13 Standing Trustee's percentage fees shall be calculated per order of the Executive Office of the United States Trustee on all disbursements through the Plan.  The maximum percentage shall be 10% of the disbursements to creditors in the Plan.  For any disbursements during a period at which the applicable percentage is less than 10%, the dividend to unsecured creditors shall increase by the amount of any reduction in trustee's fees below the 10% maximum.

### 6. Other Provisions.

a. Property of the Estate shall revest in the debtor upon completion of Plan payments by the debtor.

b. Secured creditors and lessors who are continuing to receive direct payments from the debtor shall mail informational statements, notices or coupons to the debtor in conformance with the local rules of this District.

c. The holder of a secured claim shall retain the lien securing such claim until the earlier of the payment of the underlying debt determined under nonbankruptcy law; or discharge under section 1328; and if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

d. Other.
**1. Debtors reserve the right to move to modify the plan to provide for the surrender of the collateral with the balance being treated as an unsecured claim.**
**2. Confirmation of the plan shall inpose a duty on the holders/servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages only to such arrearages; to deem the pre-petition arrearages as contractually cured by confirmation; and to apply all direct payments received by the debtors post-petition first to the month which is the month following the filing of the Plan and then to each and every month thereafter and to otherwise comply with 11 USC Section 524 (i).**

### 7. Liquidation Analysis

| | |
|---|---|
| Property of the Estate | $178,291.00 |
| Property Subject to Secured Claims | $167,346.00 |
| Exempt Property | $10,945.00 |
| Non-exempt Equity | $0.00 |
|    Estimated Chapter 7 Costs of Sale | $0.00 |
|    Estimated Chapter 7 Trustee's Fees | $0.00 |
|    Estimated Chapter 7 Other Costs | $0.00 |
| Total Chapter 7 Administrative Costs | $0.00 |
| Priority Claims | $1,283.00 |
| Unsecured Claims | $26,557.30 |
| Available to Unsecured Creditors in Chapter 7 | -$1,283.00 |
| Estimated Dividend to General Unsecured Creditors in Ch 7 | -4.83% |

### 8. Plan Payment Summary

| | |
|---|---|
| Plan Term | 60 |
| Monthly Plan Payment | $600.00 |
| Total to be paid to the Chapter 13 Trustee | $36,000.00 |
| Total to be paid to Priority Claims | $3,157.00 |
| Total Principal to be paid to Secured Claims | $25,531.48 |
| Total Interest to be paid to Secured Claims | $1,944.18 |
| Trustee's Percentage Fee | $3,272.73 |
| Total to be paid to Unsecured Creditors | $2,094.61 |
| Anticipated % Dividend to Unsecured Creditors in Plan | 7.89% |

The debtors, by their signature below, affirm that they have read this Plan and understand its terms, and also affirm that to the best of their knowledge and belief:

a. the term of this plan is consistent with the minimum commitment period required by the means test and Form B22C filed in this case;

b. the debtor will be able to make all of the payments under the Plan and to comply with the Plan;

c. the debtor has filed his petition in good faith;

d. the debtor has paid all amounts required to be paid under a domestic support obligation and that became payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation; and

e. the debtor has filed all applicable Federal, State, and local tax returns as required by section 1308.

Dated: October 7, 2009

ROBERT FLEMINGS

ANGELA FLEMINGS

Dated: October 7, 2009

/s/ Rebecca A. Rice
Rebecca A. Rice